OSWEGO TOWNSHIP, LABETTE COUNTY, v. SAMUEL N. WOODRUFF AND W. J. KABREY.

**No. 480.** (61 Pac. 449.)

PRACTICE, *Courts of Appeals—Special Verdict Conclusive.* A special verdict supported by some evidence, approved by the trial court, is conclusive in an appellate court.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed June 13, 1900. Affirmed.

*Nelson Case*, for plaintiff in error.

*Kimball & Osgood*, and *Webb & Iden*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by the defendants in error to recover the sum of $835.35, theretofore paid by them to the township of Oswego, in Labette county, on demand of its officers. The plaintiffs were sureties on the official bond of one John Blackburn, as treasurer of the said township for the year 1891. Blackburn was treasurer for the two succeeding terms, but it appears that he did not give an official bond during either of such terms. In February, 1894, his successor found that Blackburn was short in his

accounts as treasurer in the sum of $835.35, and that
the shortage had occurred in a year subsequent to that
in which the plaintiffs were sureties on Blackburn's
bond.   The township officers thereupon demanded
payment of the sum from Woodruff and Kabrey, and
threatened to sue if payment were not promptly made.
Yielding to such pressure, Woodruff and Kabrey made
the payment, each contributing one-half thereof.
Nearly three years thereafter this action was brought.
The petition alleged the foregoing facts, and that the
plaintiffs were assured by the township officers "that
if they would make up and pay the shortage" (of
Blackburn as treasurer), "and if in fact they were not
liable, the township would refund the money to them,"
and that relying on said statements the defendants
made such payment.   A jury was impaneled to try
the following issue :

"Was the money, $835.35, paid by the plaintiffs
herein to the defendants under an agreement between
the plaintiffs and the then township officers that, if it
should be determined that said plaintiffs were not le-
gally chargeable with said sum, then defendant would
reimburse or refund the said plaintiffs the sum thereof
for which they were not legally chargeable?"

The defendant claimed that the only promise made
to the plaintiffs was that if the defalcation should
thereafter be found to be a less sum than that paid by
them, the township should refund the excess so paid.
The jury returned an affirmative answer to the fore-
going question, and the court thereupon entered judg-
ment in favor of the plaintiffs below in accordance with
the prayer of the petition.

The evidence is conflicting in respect to the alleged
agreement on the part of the township to refund.
Woodruff, testifying on behalf of the plaintiffs, stated

that in a conference with the township board, Kabrey also being present, witness said to the board : "Boys, I won't pay a solitary cent of this money unless you agree to refund that money unless we are legally chargeable with it." He further testified that the board sanctioned such statement, and that thereupon the payment was made. Kabrey corroborated Woodruff in respect to the foregoing statement and also testified that he supposed Woodruff was speaking for both of them ; but on cross-examination he stated that he did not himself exact any promise from the board prior to making the payment, and that Woodruff was speaking for himself when he said he would not pay a cent except on the condition named by him.

The right of the plaintiffs below to recover depended on proof of the alleged promise to repay. The jury were authorized by the instructions to find for or against both or either of the plaintiffs. They saw the witnesses and heard them testify. They must have believed that Woodruff did speak for himself and Kabrey and that the payment made by them was upon the alleged condition. We cannot weigh the evidence. The jury has done that. There was some evidence tending to support the affirmative of the issue presented. The finding, having received the approval of the trial court, must under such circumstances be affirmed.